# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TAMAS HORVATH,

    Defendant.

Case No. 2:13-cr-00099-LDG (PAL)

**ORDER**

    Defendant Tamas Horvath filed a Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (CM/ECF No. 81) in July 2018. As the motion is untimely on its face, the Court will deny the motion.

    As relevant to the defendant's motion, a §2255 motion must be filed no later than one year after "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §2255(f)(4). Horvath asserts that the grounds raised in his §2255 motion, "arose after time to appeal." Construed liberally, each of Horvath's grounds for relief arises from the fact that the Bureau of Prisons' determined that it would calculate his sentence "to commence on a date which would maintain the integrity of the mandatory consecutive Title 18 U.S.C. § 924(c) count upon his release from state custody." The Bureau of Prisons communicated this decision

to Horvath in a letter dated December 16, 2016. On January 6, 2017, Horvath wrote a letter to this Court in which he acknowledged that he had received the Bureau of Prisons' December 16, 2016, letter. Even if the Court assumes that Horvath did not discover, through the exercise of due diligence, that the Bureau of Prisons had made this determination until January 6, 2017, then the one-year limitations period to file the instant §2255 would have expired no later than January 6, 2018. As Horvath filed the instant motion in July 2018, the limitations period had expired more than six months before he filed the motion. Accordingly, the present motion must be denied as untimely.

<u>Certificate of Appealability</u>

To appeal this order, Horvath must receive a certificate of appealability from a circuit or district judge. 28 U.S.C. §2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22-1(a). To obtain that certificate, he "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quotation omitted). On its face, Horvath's §2255 motion establishes that he filed it more than six months after the one-year limitations period for filing such motions had expired. Therefore, the Court will not grant a certificate of appealability.

Accordingly, for good cause shown,

THE COURT **ORDERS** that Tomas Horvath's Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (CM/ECF No. 81) is DENIED.

THE COURT FURTHER **ORDERS** that the Clerk of Court is directed to enter a separate civil judgment denying defendant Tomas Horvath's § 2255 motion. The Clerk

also shall file this order and the civil judgment in this case and in the related civil case number 2:18-cv-1234-LDG.

DATED this 3 day of April, 2019.

*[signature]*
Lloyd D. George
United States District Judge