UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| United States of America, | Case No.: 2:13-cr-00099-JAD-PAL |
|---|---|
| Plaintiff | |
| v. | **Order Denying Motion for Compassionate Release** |
| Tamas Horvath, | [ECF No. 97] |
| Defendant | |

Tamas Horvath moves for compassionate release because he believes that he's serving a sentence longer than the state court intended and his mother is ill and in need of Horvath's care. The government opposes the motion, arguing that Horvath's state and federal sentences are properly running consecutively, he is a danger to the public, and he lacks regard for the law. Although I sympathize with Horvath and his desire to care for his mother, I find that he hasn't sufficiently shown extraordinary and compelling circumstances meriting a sentence reduction. And even if he did, the 18 U.S.C. § 3553(a) sentencing factors weigh against one. So I deny Horvath's request for compassionate release and direct him to file a motion requesting leave to file his exhibit under seal in accordance with the local rules.

**Discussion**

**I.   Horvath hasn't demonstrated extraordinary and compelling circumstances warranting a reduction of his sentence**.

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'"[1] But the compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, is an exception that permits a sentencing judge to reduce

---

[1] *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)).

a sentence based on "extraordinary and compelling reasons."[2]  Horvath argues that the combination of "the unintended time he served in state prison," "his mother's declining health and need for family assistance," and his anticipated "deportation upon release" are extraordinary and compelling reasons to grant compassionate release.[3]  He contends that, because he wasn't "transferred into federal custody before he started serving his state sentence," he will ultimately serve about five years longer than the state court intended.[4]  The government responds that Horvath hasn't presented extraordinary and compelling reasons for release, urging me to rely on the Sentencing Commission's policy statement as persuasive authority and arguing that Horvath's sentence "reflects the will of Congress" and thus shouldn't be changed.[5]

Neither of the reasons that Horvath has presented is extraordinary or compelling enough to justify reducing his sentence and releasing him early.  Horvath takes issue with the way that his sentences have run and believes that the sentencing state-court judge never intended for him to serve his state and federal sentences consecutively.  In fact, he notes that "the state court amended the judgment to include 'Defendant's sentence shall run CONCURRENT with any other sentences.'"[6]  But the nature of his federal crime and its resulting, statutorily mandated sentence took that discretion away from the state-court sentencing judge.  Horvath pled guilty to the crime of brandishing a weapon in furtherance of a crime of violence, and Congress mandated that "no term of imprisonment imposed on a person [for that crime] shall run concurrently with

---

[2] 18 U.S.C. § 3582(c)(1)(A)(i). The parties don't dispute that Horvath exhausted his administrative remedies and agree that the motion is timely. ECF No. 97 at 10 (Horvath's compassionate-release motion); ECF No. 100 at 7 (government's response).

[3] ECF No. 97 at 1.

[4] *Id.* at 10–12.

[5] ECF No. 100 at 1, 7–10.

[6] ECF No. 97 at 6 (quoting ECF No. 97-5 (amended judgment of conviction)).

any other term of imprisonment imposed on the person."[7] The mandatory-minimum sentence is set at seven years, or 84 months, which is what Horvath was sentenced to.[8] So I cannot reduce his sentence to time served, as he requests, because he is statutorily required to serve his remaining federal sentence for the brandishing charge consecutive to his other sentences and for a minimum of 84 months.

    The other reason that Horvath believes is extraordinary and compelling is that his mother "suffered a stroke in the past that caused her to experience paralysis in her right limb, muscle weakness, and a speech disorder [resulting in her ability to] only speak a few words."[9] He indicates that his "plan is to live with his mother in her two-bedroom apartment [in Hungary] and care for her" by assisting with errands and doctor's appointments and helping pay some of her expenses.[10] But, as the government correctly points out, "Horvath's claimed desire to care for his mother is not an extraordinary or compelling reason for release."[11] The unfortunate reality for many criminal defendants is that relatives fall ill during their incarceration. While I sympathize with Horvath and acknowledge that it must be difficult for him to be incarcerated on a different continent than his ill mother, the mere fact that many criminal defendants face similar challenges renders his situation non-extraordinary. So I find that neither of Horvath's reasons for release are extraordinary or compelling enough to warrant early release.

---

[7] 18 U.S.C. § 924(c)(1)(D)(ii).

[8] *Id.* at § 924(c)(1)(A)(ii); ECF No. 97 at 5 ("The [c]ourt imposed 30 months on [c]ount [o]ne and 84 months on [c]ount [t]wo[,] run consecutively for a total of 114 months imprisonment and five years of supervised release to follow.").

[9] ECF No. 97 at 13 (citing ECF No. 98 (Horvath's mother's sealed medical records)).

[10] *Id.*

[11] ECF No. 100 at 10.

**II.     Even if Horvath met the threshold requirement, the § 3553(a) factors don't support his release**.

If the court finds extraordinary and compelling reasons, it must then consider the applicable factors under 18 U.S.C. § 3553(a), including: "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to protect the public from further crimes of the defendant"; and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[12]  The 18 U.S.C. § 3553(a) factors don't weigh in Horvath's favor.  The circumstances of his underlying offenses were dangerous and violent.  As the government summarizes, "Horvath robbed a bank, brandished a firearm, threatened to kill a teller, fled, disobeyed an officer's commands, struck a police vehicle with his own vehicle, shot out the window of a local residence and ran through that house, attempted to break the window of another house, terrorizing its owner, and brandished the gun at the police [which] result[ed] in them firing shots at him."[13]  And as discussed supra, Congress has set a mandatory minimum sentence of 84 months for the brandishing charge to be served consecutively, demonstrating the need for the sentence to reflect the seriousness of the crime.  While I acknowledge that Horvath had no criminal history before the underlying offenses, has "taken his rehabilitation seriously[,] completed multiple educational courses[,] and has not had any disciplinary sanctions while in BOP custody," those factors don't outweigh the dangerous nature of his underlying offenses and the need to maintain a sentence for him that is similar to

---

[12] 18 U.S.C. § 3553(a).

[13] ECF No. 100 at 11.

that of other similarly situated defendants.[14]  So even Horvath's reasons for release were extraordinary or compelling, I would deny his motion because the 18 U.S.C. § 3553(a) factors weigh against him.

### III.  Horvath failed to comply with the Local Rules when filing an exhibit under seal.

Horvath filed his mother's medical records under seal but failed to file an accompanying motion requesting leave to do so.[15]  Under Local Rule IA 10-5, "papers filed with the court under seal must be accompanied by a motion for leave to file those documents under seal."[16]  And the party "who files a document under seal must include with the document either (i) a certificate of service certifying that the sealed document was served on the opposing attorneys, or (ii) an affidavit showing good cause why the document has not been served."[17]  Horvath filed neither.  Horvath must file a motion to seal these records by August 7, 2022.  That motion must comply with Local Rule IA 10-5 and weigh the public's interest in these documents against Horvath's privacy interest.

### Conclusion

IT IS THEREFORE ORDERED that Horvath's motion for compassionate release **[ECF No. 97] is DENIED**.  IT IS FURTHER ORDERED that Horvath has until August 7, 2022, to file a motion requesting leave to file his mother's medical records [ECF No. 98] under seal.  If Horvath fails to do so by the deadline, the exhibit may be unsealed without further notice.

_____
U.S. District Judge Jennifer A. Dorsey
July 8, 2022

---

[14] ECF No. 103 at 10.
[15] *See* ECF No. 98.
[16] L.R. IA 10-5.
[17] *Id.*