# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Tamas Horvath,<br><br>    Defendant | Case No.: 2:13-cr-00099-JAD-PAL-1<br><br>**Order Denying Motion for Compassionate Release**<br><br>[ECF No. 107] |

Defendant Tamas Horvath is serving a nine-and-a-half-year federal sentence for armed bank robbery.[1] I denied his request for compassionate release in 2022.[2] He now moves again for release under 18 U.S.C. § 3582, arguing that the new amendments to the sentencing guidelines permit a sentence reduction in his case.[3] Horvath contends that his mother's medical condition, his own illnesses, his unusually long sentence, and his rehabilitative efforts provide extraordinary and compelling reasons for his release.[4] His counsel at the Federal Public Defender's office, appointed under General Order 2020-6, filed a notice that additional supplementation for his compassionate-release motion was unnecessary.[5] The government responds that none of Horvath's reasons are extraordinary or compelling ones under the amended guidelines.[6] Because Horvath has not shown an extraordinary and compelling reason to reduce his sentence and release him early, I deny his motion for compassionate release.

---

[1] ECF NO. 66 (judgment).
[2] ECF No. 104
[3] ECF No. 109 at 2.
[4] ECF Nos. 107, 108, 109.
[5] ECF No. 111 (notice of non-supplementation).
[6] ECF No. 114.

**Discussion**

A sentencing court's ability to modify or reduce a sentence once it's imposed is seriously limited.[7] 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018,[8] is an exception to this limitation. It allows the sentencing judge to reduce a sentence based on "extraordinary and compelling reasons" after the defendant has asked the Bureau of Prisons (BOP) to bring such a motion on his behalf and exhausted all administrative rights to appeal the BOP's denial of that request.[9] The court must consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable," and any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."[10]

The Ninth Circuit previously held in *United States v. Aruda* that the Sentencing Commission's policy statement for compassionate release was "not an applicable policy statement for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant."[11] That decision was grounded in the text of the policy statement, which referenced only motions filed by the BOP.[12] The Sentencing Commission promulgated amendments to the guidelines in 2023 that explicitly applied its compassionate-release policy statement to motions filed by defendants.[13] Based on this recent amendment to the sentencing guidelines, the Ninth Circuit's decision in *Aruda* no

---

[7] *See United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (exploring Federal Rules of Criminal Procedure 35 and 36); 18 U.S.C. § 3582(c).

[8] The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).

[9] 18 U.S.C. § 3582(c)(1)(A)(i).

[10] *Id.*

[11] *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

[12] *Id.* at 801.

[13] U.S. Sent'g Comm'n, *Amend. to the Sent'g Guidelines* (2023), https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf.

longer applies, and a defendant must now show extraordinary and compelling reasons for release that are consistent with the guideline's policy statement.[14]

**A.   Horvath exhausted his administrative remedies.**

To request compassionate release from the BOP, an inmate must first submit a request to the warden that complies with 28 C.F.R. § 571.61.[15] If the BOP fails to bring a motion on behalf of the inmate and 30 days have lapsed from the warden's receipt of his request, a court may entertain the inmate's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).[16] The parties do not dispute that Auston submitted a request to his warden for compassionate release on December 18, 2023,[17] and filed his timely motion for a reduced sentence on May 7, 2024.[18] Because more than 30 days have elapsed between the two requests, I find that he has exhausted his administrative remedies.

**B.   Horvath has not shown an extraordinary or compelling reason for early release.**

In his motion and two supplemental filings, Horvath argues that he should be granted an early release because he is the only available caretaker for his sick mother, his own health is deteriorating, he is serving an unusually long sentence, and he has put effort into rehabilitating himself.[19] The government counters that none of these reasons constitutes an extraordinary or compelling one under the guidelines' new policy statement, so Horvath is ineligible for early release.

---

[14] U.S.S.G. § 1B1.13.
[15] 18 U.S.C. § 3582(c)(1)(A).
[16] *Id.*
[17] ECF No. 107 at 17.
[18] *Id.*; ECF No. 114 at 3–4.
[19] ECF Nos. 107, 108, 109.

3

> 1. *Neither Horvath's illnesses nor his mother's medical condition meets the guideline criteria set forth in § 1B1.13(b)(1) and (3).*

Horvath's lead argument for early release is his need to care for his ailing mother. He explains that his 72–year-old mother had a stroke that left her paralyzed on her right side and incapacitated. He includes his mother's medical records and asserts that his sister and his mother's boyfriend cannot assist in her full-time care, leaving him as the only one to do it.[20] Horvath also contends that his own medical conditions, which include "atrial fibrillation (irregular heartbeat), high blood pressure, and sporadic COVID-19 symptoms," make him a high risk for a debilitating illness.[21] The government responds that Horvath's mother's medical records indicate that his sister visits her regularly, so Horvath is actually not the only potential caretaker.[22] It also asserts that he has not argued that he is suffering from a serious enough illness to warrant early release.[23]

The new policy statement in the amended guidelines identifies six extraordinary and compelling reasons to reduce a defendant's sentence.[24] Among them, a defendant may be eligible for compassionate release if his parent is incapacitated and he is the only available caretaker, or if he is suffering from a serious physical or medical condition, cannot adequately care for himself in a correctional facility, and is not expected to recover.[25] Horvath has not shown that either of these circumstances applies to him. Although he argues that he is his

---

[20] ECF No. 107 at 15, 18–22.
[21] *Id.* at 15, 23–24 (cleaned up).
[22] ECF No. 114 at 5–7.
[23] *Id.*
[24] U.S.S.G. § 1B1.13.
[25] U.S.S.G. § 1B1.13(b)(1) and (3).

4

mother's only available caretaker, her medical records indicate otherwise.  As of March 2020, her records show that she "[m]ostly takes care of herself except cooking, [and] her daughter visits her regularly," and Horvath provides no evidence to suggest that those dynamics have changed.[26]  He also does not explain how his medical conditions prevent him from taking care of himself while in prison yet leave him fully capable of caring for his mother.  It is not enough that he is at risk of contracting a debilitating illness; he must be currently suffering from a serious medical condition that he will not recover from and that prevents him from caring for himself on his own.  While I sympathize with Horvath's position as I did in his first motion for compassionate release, I find that his family and personal health challenges do not constitute extraordinary or compelling reasons to warrant early release under the guidelines' new policy statement.

### 2. *Horvath fails to demonstrate that he is serving a sentence so unusually long that it warrants a sentence reduction.*

Horvath also contends that compassionate release is warranted because he's serving an unusually long and harsh sentence.[27]  Section 1B1.13(b)(6) of the new policy statement permits a court to consider whether "a defendant received an unusually long sentence" when it assesses extraordinary and compelling reasons to reduce a defendant's sentence, but the defendant must have served at least 10 years of his sentence to receive this relief.[28]  Horvath has not demonstrated that he meets this requirement.  He was sentenced to the mandatory-minimum sentence of 7 years for brandishing a weapon in furtherance of a crime of violence plus 2 1/2

---

[26] ECF No. 107 at 19.

[27] ECF No. 109 at 2–5.

[28] U.S.S.G. § 1B1.13.

years for armed robbery, for a total of 9 1/2 years.[29] Because the policy statement doesn't contemplate a reduction for sentences of less than ten years, Horvath is ineligible for early release under this section.

Even setting aside that ten-year floor, Horvath's sentence is not unusually long or abnormal in any way such that compassionate release would be merited. With Horvath's offense level of 21 and criminal-history category of I, the guideline range for his armed-robbery offense was 37–46 months.[30] He was sentenced to 30 months for that charge, far below the guideline range, to run consecutive to his mandatory 84-month sentence for brandishing a weapon.[31] Horvath cannot show that this sentence is unusually long given that the judge gave him a downward variance at sentencing.

### 3. *Horvath's rehabilitation efforts do not merit early release.*

Horvath acknowledges that the crimes he committed were "wrong" and he has "learned from [his] mistakes."[32] He argues that he has completed more than 20 educational and behavioral courses while in custody and "sincerely apologize[s] for [his] actions."[33] The government asserts that his rehabilitation alone cannot constitute a compelling reason for release, and Horvath provides no other reason to justify his release.[34]

---

[29] 18 U.S.C. § 924(c)(1)(A)(ii); ECF No. 97 at 5 ("The [c]ourt imposed 30 months on [c]ount [o]ne and 84 months on [c]ount [t]wo[,] run consecutively for a total of 114 months imprisonment and five years of supervised release to follow.").

[30] Presentence Investigation Report at 17.

[31] ECF No. 66 at 2.

[32] ECF No. 107 at 16.

[33] *Id.*

[34] ECF No. 114 at 7.

The guidelines state that the "rehabilitation of the defendant is not, by itself, an extraordinary or compelling reason" but "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted."[35]  The amount of courses that Horvath has completed while in custody is commendable: he has acquired certificates for completing programs in daily life skills, wellness, parenting, career planning, math, and geography.[36]  But so have many, many other inmates.  And while Horvath's educational accomplishments are encouraging, he has not put forth an independent basis for release that would allow the court to consider his post-sentencing conduct as a supplement to a separate extraordinary and compelling reason.

## Conclusion

In sum, none of the reasons Horvath has presented are extraordinary or compelling enough to reduce his sentence and release him early under 18 U.S.C. § 3582.  And because I do not find an extraordinary or compelling reason for release, I need not and do not consider the factors in 18 U.S.C. § 3553(a).

IT IS THEREFORE ORDERED that Tamas Horvath's motion for compassionate release **[ECF No. 107] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
July 2, 2024

---

[35] U.S.S.G. § 1B1.13(d).

[36] ECF No. 107 at 36–55; ECF No. 109 at 9.

7